IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WHITNEY C. WASHINGTON**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:21cv882 |
| ) | Electronic Filing |
| **EDWARD COMER** and **DONALD** ) | |
| **HARVEY, SR.**, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND
ORDER OF COURT**

Whitney C. Washington ("plaintiff") commenced this civil action against Edward Comer and Donald Harvey, Sr., by filing a motion to proceed *in forma pauperis* and attaching to it a "complaint" asserting that the case is a § 1983 claim "for rape." Complaint for Violation of Civil Rights (Doc. No. 1) at p. 3. Plaintiff identifies Edward Comer as a "Correction Guard." Id. at 2. Plaintiff does not indicate who Donald Harvey, Sr., is or what role he had in the event identified as plaintiff's claim. Plaintiff does not provide any additional information about his claim or the defendants. Based on the reasoning below, plaintiff's motion to proceed *in forma pauperis* will be GRANTED, and his complaint will be DISMISSED for failure to state a claim upon which relief can be granted.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine

whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2]  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to pay the required filing fee.  Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to establish jurisdiction and/or state a claim upon which relief can be granted.  Plaintiff has an obligation to plead sufficient facts to establish that this court has subject matter jurisdiction over the lawsuit.  The complaint fails to do so and the above-captioned case is subject to dismissal for lack of jurisdiction.

Moreover, it is well settled that tendering a complaint that merely advances "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action" fails to meet the requirements needed to proceed with a complaint.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The complaint here does not contain any facts from which to determine whether plaintiff has viable grounds for recovery.  In other words, the complaint is devoid of any sound basis to infer or assume that any of the named defendants committed an actionable wrong against plaintiff.   Thus, the complaint fails to

---

[2] This provision is now codified at §1915(e)(2)(B)(i).

contain factual content that sets forth a plausible claim for relief.  Id.

It follows that the complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted.  Accordingly, the following order is appropriate.

**ORDER**

AND NOW, this 22nd day of July, 2024, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.**  The Clerk of Court shall file [1] plaintiff's complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim.[1]

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc:   Whitney C. Washington
      2926 Zephyr Avenue
      Apartment 2
      Pittsburgh, PA 15204

      (*Via First Class Mail*)

---

[1]  As a general matter, a plaintiff is to be granted leave to amend a claim that has been dismissed when an amendment might be able to cure the deficiencies resulting in the dismissal.  Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  This principle does not apply, however, where the record indicates any attempt to do so would be futile.  Id. at 236 (citing Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)).  Here, plaintiff's "claims" are not predicated on any facts about the personal involvement of the defendants in the identified "wrongdoing."  Consequently, the claim has been dismissed and the case has been closed.  To the extent plaintiff believes that this disposition is in error, he may file a motion for reconsideration and attach to it his proposed amended complaint.  The court will review any such motion/filing pursuant to the standards governing a motion for leave to amend.  Any motion seeking such relief shall be filed on or before August 15, 2024.